## BOWERS RUBBER CO. v. BLASDEL.

### S. F. No. 428; February 19, 1897.

#### 47 Pac. 931.

Sale—Warranty.—The Fact That a Buyer paid part of the price did not preclude him from relief, in an action for the balance, on account of the worthlessness of part of the goods, where at the time of payment he had no knowledge of the defects.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action by the Bowers Rubber Company against H. G. Blasdel. From a judgment for plaintiff and an order denying a new trial defendant appeals. Reversed.

Morris M. Estee (Arthur G. Fisk, of counsel) for appellant; Ryland B. Wallace for respondent.

PER CURIAM.—This action was brought to recover the sum of $4,588, alleged to be the balance due from defendant to plaintiff for one hundred "rubber concentrator belts," manufactured by plaintiff for defendant between January 3, 1893, and December 20, 1893. The defense was that a large number of the said belts were not of good quality, and were not reasonably fit for the purposes for which they were intended. The case was tried by the court without a jury, and, among other things, the court found that sixteen of the belts, "by reason of the inferior quality used in the body of said belts, and the improper manner in which the flanges thereof were molded to the sides or edges thereof, were not fit for the purposes for which they were to be used and were of no value," but that the other eighty-four belts

were all "of good quality and fit for the purposes for which they were intended, and the reasonable value of the material used and labor 'employed in the manufacture thereof was the sum of $6,862," of which sum defendant had paid to plaintiff on account $3,600, leaving a balance due to plaintiff from defendant of $3,262, which on March 2, 1894, defendant promised in writing to pay to plaintiff, with interest thereon. In accordance with the findings judgment was entered on September 19, 1895, that the plaintiff recover the sum of $3,615.28 and costs; from which judgment and an order denying a new trial the defendant has appealed.

It is claimed by appellant that the finding that eighty-four of the said belts were all of good quality, and fit for the purposes for which they were intended, was not justified by the evidence, but that, on the contrary, sixty-six of them were badly manufactured, and therefore practically worthless and of no value. Whether the finding referred to was justified or not is the only question which need be considered. To set out the evidence bearing upon the question, even in substance, would make this opinion quite lengthy, and subserve no useful purpose. We have carefully examined the record, and, in our opinion, there was uncontradicted evidence quite sufficient to show that a considerable number of the belts, other than the sixteen which were found to be of no value, were badly manufactured, because of "the improper manner in which the flanges thereof were molded to the sides or edges thereof," and were therefore practically of no value. It was also proved that, when defendant paid the $3,600 on account, he did not know of the defects in the belts. That part of the finding to the effect that on March 2, 1894, defendant promised in writing to pay plaintiff $3,262, with interest thereon, is based upon a letter written by defendant on the day named to plaintiff's president, in which he simply says: "I should have paid a portion of the indebtedness some time since, and I will be glad to pay you a good rate of interest on my overtime." The judgment and order appealed from must be reversed and the cause remanded for a new trial. It is so ordered.